The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except for minor modifications.
Therefore, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner with some modifications as follows:
* * * * * * * * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as:
STIPULATIONS
1. At the time of plaintiff's injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer at the time of plaintiff's injury.
3. Defendant is a duly-qualified self-insurer with Hewitt, Coleman and Associates as its servicing agent.
4. Plaintiff sustained a compensable injury to her back, left ankle and neck on October 6, 1989.
5. The parties entered into an Industrial Commission Form 21, which the Industrial Commission approved on December 1, 1989.
6. Plaintiff received compensation for temporary total; disability from October 10, 1989 through November 16, 1989; and from January 5, 1990 through February 13, 1990.
7. Plaintiff's average weekly wage is $210.00, yielding a compensation rate of $140.01.
8. At the hearing, the parties stipulated to the following medical records:
a. Plaintiff's medical records from Dr. Richard D. Serano.
b. Plaintiff's medical records from Dr. Nortin M. Hadler.
c. Plaintiff's medical records from Dr. Elliot J. Rampulla.
d. Plaintiff's medical records from Dr. Douglas L. Norris.
e. Plaintiff's medical records from Dr. William Barry.
f. Plaintiff's medical records from Dr. James H. Askins.
g. Plaintiff's medical records from Dr. Robert J. Logel.
h. Plaintiff's medical records from Cape Fear Valley Medical Center.
i. Plaintiff's rehabilitation records from Comprehensive Rehabilitation Associates, Inc.
* * * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the deputy commissioner, except for minor modifications, and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a forty-six year old female. On October 2, 1989, plaintiff sustained a compensable injury by accident when she slipped on a banana peel and fell at work.
2. Plaintiff initially received treatment for her injury from Cape Fear Valley Medical Center on October 5, 1989. Upon referral, plaintiff subsequently received treatment for multiple complaints by Dr. Robert J. Logel, an orthopedist. Based upon the stipulated medical records, Dr. Logel took x-rays of plaintiff's left hand, foot, cervical back and neck, which he reported were unremarkable. On April 27, 1990, Dr. Logel indicated no objective neurological findings and no permanent loss of function due to her injury, and released plaintiff from his care. Dr. Logel confirmed the above findings during subsequent follow-up visits through December 23, 1990, at which time he indicated that plaintiff should seek a second opinion since he had nothing further to offer.
3. Plaintiff also sought chiropractic treatment for her back from Dr. Douglas L. Norris, D.C., from October 11, 1989 through March 21, 1990. Based upon stipulated medical records from Dr. Norris, on March 21, 1990, Dr. Norris indicated that plaintiff's spine had improved 100%, and he released plaintiff to return to regular work.
4. Plaintiff additionally obtained treatment from Dr. Richard D. Serano, a neurologist, who treated plaintiff for multiple complaints from October 18, 1991 through June 10, 1994. Based upon stipulated medical records from Dr. Serano, on April 10, 1991, Dr. Serano diagnosed plaintiff as suffering from chronic pain of uncertain etiology. On September 25, 1991 Dr. Serano performed an MRI of plaintiff's spine, which was normal. On October 25, 1991, Dr. Serano gave plaintiff a 3% permanent partial disability rating to plaintiff's back, and on January 1, 1992, reported that plaintiff must lose weight or she cannot realistically expect much further improvement with her pain problem. Dr. Serano never authorized plaintiff to remain out of work as a result of her injury on October 6, 1989.
5. Plaintiff returned to her same job for defendant on February 14, 1990 without any restrictions or reductions in her duties.
6. Although plaintiff acknowledged that none of her doctors kept her out of work after April 27, 1990, plaintiff claimed that she was in too much pain to work and that she voluntarily left her employment with defendant on May 5, 1990.
7. Plaintiff has not returned to work for defendant or any other employer since May 5, 1990. Furthermore, plaintiff has not attempted to look for work since May 5, 1990, despite the fact that none of her doctors authorized her to remain out of work after that date and despite her own testimony at the hearing that she would like to return to work. Plaintiff currently performs household duties including making her bed every morning, washing dishes, washing clothes, cooking in the oven, and raking in the yard. Plaintiff has also used a hoe in her garden. Plaintiff has not made a reasonable effort to obtain employment.
8. Plaintiff additionally received treatment for left shoulder pain from the Cape Fear Valley Medical Center on May 15, 1990. Based upon the stipulated medical records from the Cape Fear Valley Medical Center, plaintiff reported that her shoulder pain began on May 15, 1990. Plaintiff also received follow-up treatment for her shoulder pain from Dr. Logel, whose May 22, 1990 records indicate that plaintiff "somehow strained her neck and shoulder." None of plaintiff's doctors related her shoulder condition to her October 2, 1989 injury.
9. Plaintiff also sustained a knee sprain on August 15, 1992, for which she received treatment at Cape Fear Valley Medical Center, and by Dr. Serano and Dr. James H. Askins. Based upon the stipulated medical records, plaintiff injured her knee after falling while she went to answer the telephone. Dr. Askins prescribed a knee stabilizer and crutches. None of plaintiff's doctors related her knee condition to her October 2, 1989 injury. Plaintiff's knee condition is related to her August 15, 1992 fall, and is unrelated to her October 2, 1989 injury.
10. Plaintiff further developed a left foot drop following her August 15, 1992, fall, for which she received treatment from Dr. Askins, Dr. Serano, Dr. Nortin M. Hadler and Cape Fear Valley Medical Center. Based upon the stipulated medical records of Dr. Hadler and Dr. Serano, plaintiff's left foot drop was diagnosed as compression neuropathy, which was caused by plaintiff's wearing a hard knee brace following her August 15, 1992 fall. Plaintiff's foot drop was unrelated to her October 2, 1989 injury.
11. Plaintiff additionally received treatment for ganglions on her left wrist by Dr. Serano on August 18, 1992, and on November 2, 1993, one of which Dr. Askins removed during a surgical procedure performed on April 15, 1993. Based upon the stipulated medical records of Dr. Serano, Dr. Serano never related plaintiff's left wrist ganglions to her October 2, 1989 injury. Plaintiff's left wrist condition was unrelated to her compensable injury.
12. Plaintiff's current complaints of headaches, neck pain, shoulder pain, left knee and leg pain, left foot drop, left hand pain and left hip, pain are unrelated to her October 2, 1989 injury by accident, since none of plaintiff's doctors have related those conditions to her compensable injury.
* * * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows
CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant on October 2, 1989. N.C. Gen. Stat. § 97-2(6). Defendant has fully compensated plaintiff for temporary total disability benefits for this injury.
2. Since plaintiff was released to return to work by Dr. Logel on April 27, 1990 and no doctor has authorized plaintiff to remain out of work after that date and plaintiff has failed to make any efforts to return to gainful employment, plaintiff has failed to meet her burden of showing the existence of a disability. Accordingly, plaintiff is not entitled to any temporary total disability benefits after May 5, 1990, the date she voluntarily left her employment with defendant. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment of permanent partial disability benefits for the 3% disability that she sustained to her back. N.C. Gen. Stat. § 97-31 (23).
4. Plaintiff's current complaints of headaches, neck pain, shoulder pain, left knee and leg pain, left foot drop, left hand pain and left hip pain are unrelated to her October 2, 1989 injury by accident.
5. Since plaintiff's current medical condition is unrelated to her compensable injuries, she is not entitled to payment of any compensation or medical treatment arising out of those conditions.
6. Plaintiff is entitled for defendant to pay for reasonable medical expenses incurred as a result of the 2 October 1989 injury by accident. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the deputy commissioner and enters the following
AWARD
1. Defendant shall compensate plaintiff for three percent (3%) permanent partial disability to plaintiff's' back. N.C. Gen. Stat. § 97-31(23). Based upon plaintiff's compensation rate of $140.01 for 9 weeks, this yields compensation for permanent partial disability in the amount of $1,260.09.
2. Defendant shall pay all reasonable and necessary medical expenses incurred as the result of plaintiff's 2 October 1989 injury by accident when bills for the same have been submitted to defendant and approved pursuant to procedures established by the Industrial Commission. Included are bills from Cape Fear Valley Medical Center, Dr. Robert J. Logel, Dr. Douglas L. Norris, Dr. Richard S. Serano, and any tests or treatment ordered by Dr. Serano.
3. Plaintiff's claim for additional benefits is DENIED.
4. Defendants shall pay the costs.
 S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ __________________________ KIM L. CRAMER DEPUTY COMMISSIONER
BSB:be